George D. Newton, J.
This action is for an injunction to restrain the defendants from using or permitting the use of the names “ ryan homes “ ryan homes ryan e/m homes ” or “ ryan ” or any other name in which the name Ryan is a part in conjunction with the home building business in Monroe County and directing the defendants to obliterate, delete and remove the name Ryan from all of the defendants’ signs, advertising, stationery or wherever else the same may appear.
*751 Plaintiffs’ business was founded in 1925 by the grandfather, father and uncle of John H. Ryan who is one of the plaintiffs and is currently the president and principal stockholder of Charles F. Ryan & Son, Inc.
Originally the plaintiffs’ business consisted of construction of homes and commercial buildings in Monroe County under the name of Ryan and Ryan, Inc.
In March, 1952 the plaintiff John H. Ryan and his father entered into a partnership agreement for the construction of residential homes in the County of Monroe and in 1954 the partnership was dissolved and its assets transferred to the corporation.
In 1958, the present corporation, Charles P. Ryan & Son, Inc., succeeded in interest. Charles F. Ryan died on the 1st day of February, 1958, and the plaintiff John P. Ryan is the principal stockholder and officer of the plaintiff corporation.
In 1952 the plaintiffs and their real estate holding corporation owned all the lots in six different residential subdivisions in Rochester and surrounding area (Monroe County) and erected large advertising signs thereon with the name “ Charles P. Ryan & Son” or “'Charles P. Ryan & Son, Inc.” and from 1958 to date the trade names “ Homes by Ryan ” or “ by Ryan.”
On July 13,1962, two certificates to do business under assumed names, one for “Homes by Ryan” and the other “Ryan Homes ’ ’ were filed in the office of the Clerk of Monroe County. These certificates have not been discontinued.
The defendants are Ryan Homes, Inc., a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania, and Lancaster Homes, Inc., which is a wholly owned subsidiary, being a New York corporation with its principal place of business in Rochester, New York.
The defendants’ business was founded in 1937 by Edward J. Ryan and the present Pennsylvania corporation was organized in 1947 by Edward M. Ryan, the son of the founder.
Commencing in November, 1962 the defendants have carried on an extensive advertising campaign in Rochester and vicinity. They have prominently displayed the name ‘‘ Ryan ’ ’ even though they learned through their prior survey of the territory that the plaintiffs conducted business of similar nature in Monroe County under the name “ Ryan
The history of the litigation between these parties seems important to this court. Sometime in the month of January, 1963, or thereabouts, the plaintiffs asked the Supreme Court of the State of New York for an order under section 964 of the Penal Law enjoining the defendants from using the Ryan *752 name. Such an order was obtained January 8, 1963 although same was reversed by the Appellate Division, Fourth Department. (Matter of Ryan & Son v. Lancaster Homes, 19 A D 2d 14.)
Since the date of the Appellate Division decision, the defendants have altered and changed their newspaper advertising displaying with prominence the name “Ryan Homes, Inc.” with minimal use of the name “ Lancaster Homes, Inc.” This matter, tried without a jury, is the action suggested by the Appellate Division, namely a plenary action in equity.
The Appellate Division goes on to say (p. 19): “ The case then becomes one of adjusting the rights of the parties in accordance with the principles of the law of unfair competition so that confusion of the public growing out of the similarity of the trade names of the parties may be avoided. For this relief, recourse must be had to a plenary suit in equity. Relief may be granted in equity, without a showing of an intent to deceive or mislead the public into believing that the defendant’s business is connected with the plaintiff’s, if there is a reasonable probability of the public’s being confused by the similarity of the names (Restatement, Torts, § 717; Restatement, Torts, 2d, Tentative Draft No. 8, § 717). But the risk of confusion may be avoided by measures short of a complete prohibition of the appellants’ use of the name Ryan in any form.”
This court feels and so finds that the public was confused by the similarity of the names. The record is replete with such situations. The record also shows that the defendants intend to build homes in the County of Monroe under the Ryan name, in a price range very close, if not similar, to the price range of the custom homes built by the plaintiffs which, in the court’s opinion, will cause greater confusion. At least there will be a reasonable probability of the public being further confused.
It is apparent as has already been pointed out that after the Appellate Division’s decision there was a change in defendants’ newspaper advertising and signs with the omission of the name Lancaster Homes, Inc., and a more prominent use of the name Ryan. The defendants admit this and say that same was occasioned by inadvertence which, to this court, does not appear as a very substantial excuse.
The court again points out that this is not a case of registered trade-mark or trade names but is limited to the issue of unfair competition (Matter of Ryan & Son v. Lancaster Homes, supra). In other words, the sole question, as this court views this case, is whether or not the defendants were guilty of unfair competition.
*753 Many other points have been raised which seem unnecessary for decision at this time. On the whole case, the facts are not in sharp dispute.
The defendants deny that there has been any confusion by the public but this court feels otherwise. This court not only finds confusion on behalf of the public but feels it will be even greater in the future when the parties move their building operations into the same towns and build on a more equal price range.
The defendants also contend that the courts are limited when the parties are using their own names. This more recently has not been an unsurmountable deterrent to an equitable solution. (Sullivan v. Sullivan Radio & T.V., 1 A D 2d 609.)
Certain requests to find have been submitted by both sides and the court has passed on all of them which findings become part of this decision. The court feels, and so finds, that an injunction should be issued restraining the defendants and both of them from using the name ‘ ‘ Ryan ’ ’ in any of their advertising including signs, brochures, stationery and equipment for use in Monroe County. The relief sought by the plaintiffs is hereby granted insofar as outlined in this decision.